COLLAZO, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la consumación de una venta.

No. 325.—Resuelto en julio 24, 1917.

VENTA CON PACTO DE RETRO — RETROVENTA — USURA — DEROGACIÓN DE LEYES — EFECTO RETROACTIVO.—La Ley No. 47 para reprimir la usura, de 13 de abril de 1916, no contiene cláusula derogatoria alguna y por tanto no puede regular un acto ejecutado con anterioridad a su promulgación por impedirlo el artículo 3 del Código Civil, preceptivo de que las leyes no tendrán efecto retroactivo si no dispusieren expresamente lo contrario, no pudiendo en caso alguno el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior.

ID.—ID.—INSCRIPCIÓN EN EL REGISTRO—CONSUMACIÓN DE LA VENTA—PRÉSTAMO CON GARANTÍA HIPOTECARIA.—Las inscripciones una vez hechas están al amparo de los tribunales de justicia, únicos competentes para decidir sobre su nulidad, y por tanto, inscrita una venta con pacto de retro de una finca hecha con anterioridad a la promulgación de la Ley No. 47, para reprimir la usura, de 13 de abril de 1916, no puede luego denegarse la consumación de la venta, transcurrido el plazo concedido para retraer, fundada en que tiene la presunción de un contrato de préstamo con garantía hipotecaria de la finca vendida, por haber conservado la posesión material de ella el vendedor.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Celestino Benítez.*

El registrador recurrido, Sr. Francisco Socorro, compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de compraventa otorgada en 31 de diciembre de 1912 e inscrita en el Registro de la Propiedad de Caguas, Manuel I. Rivera adquirió de Rosa Collazo con pacto de retro a un año plazo, una finca urbana, la que por otra escritura de 5 de abril de 1913 el comprador Rivera vendió a Bartolomé Collazo Díaz con el mismo pacto de retro a que estaba sujeta, la que también fué inscrita en el mencionado registro en 15 de abril de 1913.

Presentada dicha escritura de 5 de abril de 1913 al Registrador de la Propiedad de Caguas para que pusiera la

nota de consumación de venta por haber vencido el plazo señalado para la redención de la finca, el registrador se negó a ello por medio de nota que dice así:

"Denegada la nota de consumación de la venta que comprende el precedente documento, que es la escritura número 3, otorgada en Juncos, en 5 de abril de 1913, ante el notario Celestino Benítez, porque dicha venta tiene la presunción legal de un contrato de préstamo por el montante de $250 con garantía hipotecaria de la finca vendida, toda vez que la posesión material de ésta la conservó el vendedor.; y que se han estipulado intereses a favor del comprador, con la denominación de canon de arrendamiento del inmueble vendido, al tipo del treinta y seis por ciento anual. (Ley No. 47 para reprimir la usura, de 13 de abril de 1916, pág. 103); tomando en su lugar anotación preventiva a favor de Bartolomé Collazo y Díaz, por el término legal en la nota puesta el margen de la inscripción 3ª. de la finca 743, folio 161 vuelto, tomo 16 de Gurabo. Caguas, 28 de mayo de 1917. Francisco Socorro, Registrador."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto.

Nos parece la nota recurrida abiertamente errónea por infringir el artículo 3 del Código Civil, preceptivo de que las leyes no tendrán efecto retroactivo si no dispusieren expresamente lo contrario, no pudiendo en caso alguno el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior. La Ley No. 47 de 13 de abril de 1916, invocada por el registrador, no tiene cláusula retroactiva y por tanto no puede regular un acto anterior a ella o sea ejecutado en 31 de diciembre de 1912.

También se ha cometido la infracción del principio sancionado ya por la Dirección General de los Registros de España y por repetidas decisiones de esta Corte Suprema, de que las inscripciones una vez hechas están al amparo de los tribunales de justicia, únicos competentes para decidir sobre su nulidad. Las dos escrituras de compraventa con pacto de retro de 31 de diciembre de 1912 y de 5 de abril de 1913, habían sido inscritas en el Registro de la Propiedad de Caguas; y como ya dijimos al resolver en 10 de julio corriente el caso

de Pérez contra el mismo Registrador de la Propiedad de
Caguas, (pág. 557): "Habiendo presentado el recurrente en
el registro de la propiedad la escritura de compra de la
finca  *  *  *  de la que aparece que ha transcurrido el
plazo concedido a sus vendedores para retraer y la petición
de que se hiciera constar la consumación de la venta, sin que
conste en el registro que la finca fué redimida, debió el re-
gistrador anotar en sus libros la consumación de tal venta,
pues esto es todo lo necesario para extinguir la cláusula re-
solutoria.  Resolución de la Dirección General de los Regis-
tros de España, de mayo 18, 1865."

Es de revocarse la nota recurrida.

> *Revocada la nota recurrida y ordenada la con-*
> *sumación de la venta de que se trata.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Al
drey y Hutchison.