RAMÓN OTERO, demandante y apelante, *v.* AGUSTINA MIRABAL, demandada y apelada.

No. 5020—*Sometido:* Abril 1, 1930.—*Resuelto:* Enero 16, 1931.

*E. H. F. Dottin,* abogado del apelante; *Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Ante el notario don Julio César González, en 5 de noviembre de 1913, se otorgó una escritura por la que Prudencio Cordero vendió a Agustina Mirabal una finca urbana, solar con dos casas, terreras, de madera y cobijadas de zinc, en

la calle de las Flores, en Cataño, por un precio de cuatro-
cientos dólares, recibidos a presencia del notario, estableción-
dose entre los contratantes el pacto de que si el vendedor en
el término de un año, a contar de la fecha de la escritura
devolvía a la compradora el precio pagado, éste le otorgaría
escritura de retroventa, pero si transcurría ese plazo sin tal
devolución, la venta adquiría el carácter de irrevocablemente
consumada. Además se hizo constar que el vendedor queda-
ría como arrendatario de la finca por el término de un año, y
canon de ocho dólares mensuales, y que se comprometía a
asegurar las casas contra incendio por el término del arren-
damiento. La escritura fué inscrita en el registro de la pro-
piedad; y ha sido uno de los documentos presentados en
prueba en el juicio en este caso.

En 29 de diciembre de 1922, se puso por el registrador
de la propiedad, una nota al margen de la inscripción de la
citada escritura, haciendo constar la consumación de la venta.

De otra escritura en 25 de mayo de 1916, ante el notario
don Artemio P. Rodríguez, aparece que Prudencio Cordero
vendió a Ramón Otero algunas propiedades inmuebles; y en
cuanto al solar y las casas que había vendido a Agustina
Mirabal, se hizo constar que la venta había sido hecha con
pacto de retracto, por término de un año, y que aun cuando
el año había transcurrido el derecho de redención se había
prorrogado de tiempo en tiempo, y estaba aún vigente; y
Cordero cedió a Otero tal derecho, en precio que había reci-
bido de su comprador o cesionario.

De otra escritura, fecha 29 de mayo de 1916, aparece que
Ramón Otero y su esposa confieren su poder general, y para
administración, a Prudencio Cordero.

Prudencio Cordero falleció en San Juan, P. R., en 28 de
septiembre de 1926.

Todos estos extremos son de prueba documental admitida
en el juicio. Ramón Otero presentó ante la Corte de Dis-
trito de San Juan, P. R., una demanda contra Agustina Mi-

rabal, reclamando que ésta le otorgara, previo el pago de cua-
trocientos dólares, la escritura de retroventa del solar y las
dos casas que le habían sido vendidas por Prudencio Cor-
dero en 5 de septiembre de 1913. En su demanda alegó:
que Prudencio Cordero era dueño de ese solar y de las casas,
y que concertó con la demandada un préstamo de $400, sin
fijación de plazo para el pago, a un interés del 2 por ciento
mensual, y garantizando el pago con la referida finca urbana,
y como el interés excedía del tipo legal, la demandada exigió
a Cordero que se diera al negocio la apariencia de una venta
con pacto de retro por un año, y a los intereses el aspecto
de un canon de arrendamiento y así se hizo en la escritura
de 5 de septiembre de 1913, ante el notario don Julio César
González, pero siendo entendido que tal escritura no desvir-
tuaría el verdadero contrato entre las partes; que después
de la escritura Prudencio Cordero continuó en la posesión
de la finca vendida, y ejerciendo sobre ella el dominio, pa-
gando las contribuciones, alquilando dependencias, mante-
niendo y pagando el seguro, y haciendo reparaciones; que el
mismo Cordero, con consentimiento de la demandada, en 25
de mayo de 1916, traspasó ese derecho sobre aquella finca a
Ramón Otero, siguiendo en tal contrato la misma ficción ya
establecida, y el demandante desde entonces ha venido en el
dominio y posesión de la finca; que tanto Prudencio Cordero
como el demandante han venido satisfaciendo a la deman-
dada los intereses del préstamo ya citado; que la deman-
dada, en 9 de diciembre de 1922, a pesar de su contrato, pidió
y obtuvo en el registro de la propiedad la nota de consuma-
ción de la venta; que el demandante ha requerido a la de-
mandada para que acepte los $400 del préstamo, y le otorgue
escritura de retroventa, pero ella se ha negado; y pidió se
condenara a la demandada a otorgar esa escritura, previo
recibo de los $400, o se hiciera otorgar por el márshal.

En su contestación la demandada negó que hubiera con-
venido con Cordero el alegado préstamo, y asimismo los de-

más extremos esenciales, manteniendo en sus alegaciones la existencia del contrato de compraventa con pacto de retracto, así como su falta de contrato y de relación con el demandante, y aduciendo asimismo la falta de hechos para determinar causa de acción.

Se oyó el caso por la corte. Y ésta, dictó una sentencia por la que declaró sin lugar la demanda, sin especial condena de costas. De esa sentencia se apela, asignándose dos errores: el uno, de manifiesta equivocación en la apreciación de la prueba; y el otro en cuanto a la aplicación de la ley.

■ Aparte de la prueba documental, o sean las escrituras, y recibos de distintas sumas y clases, queremos decir algo de la prueba de testigos.

Por la parte demandante declararon el mismo interesado, y Tomás Díaz García, Antonio Rodríguez, Juan García, José Ramos y Félix Rodríguez. Por la demandada, ella misma y Francisco Alamo Armas.

Hemos examinado la declaración de Tomás Díaz García, que parece ser el más importante de los testigos del demandante. El dice que era empleado de Prudencio Cordero; que éste necesitó una suma, y se la procuró un amigo; que fué a la notaría de don Julio César González, y estuvo presente durante el convenio entre Cordero y Agustina Mirabal; que ésta pidió un interés de 2 por ciento mensual, y acordaron hacer una retroventa, y así se firmó la escritura; sabe que Cordero vendió la finca a Otero, y estuvo presente en el otorgamiento de la escritura, y lo mismo en el de una escritura de poder por Otero a favor de Cordero; que después de la escritura con la Mirabal, Cordero siguió alquilando las casas, cobrando los alquileres, y pagando las reparaciones y demás gastos. El testigo dice que estuvo fuera de Puerto Rico, desde 1918 a 1925; que conoce a la demandada porque la ha visto de paso, pero nunca habló con ella.

Antonio Rodríguez dijo que en 1913 Prudencio Cordero le habló porque necesitaba $400, y él le indicó a Agustina

Mirabal como persona que podía prestárselos, y luego supo que había hecho la operación. Declara acerca del valor de la finca; y asimismo dice que el que la posee es Ramón Otero.

Juan García, testigo, es un inquilino de una habitación de la casa número 92, calle de las Flores, Cataño, que dice se la alquiló Ramón Otero en marzo de 1926; dice que para él el dueño de la casa es Ramón Otero, y que él es quien paga las reparaciones. De análogo tenor son las declaraciones de José Ramos y Félix Rodríguez.

Ramón Otero, el demandante, dijo ser el dueño de la finca en cuestión desde 1916. En el principio de su declaración dijo que no ha pagado nunca nada por hipoteca, que ni conoce a Agustina Mirabal, ni le ha pagado nunca nada; que debe $400 porque se hizo cargo de la hipoteca de ella (la demandada) a la que pagaba $10, que los fué a llevar a don Panchito Alamo, quien le dijo que no sabía si la señora Mirabal los cogería o no, pero que los cogió y le dieron recibo; que no conoce a Agustina Mirabal, ni la ha visto nunca; que él le enviaba a la Mirabal los $10 por medio de Prudencio Cordero; que éste murió, y entonces el demandante le hizo a la Mirabal un pago; que nunca ha hablado con la demandada de ningún negocio que tuviera con Cordero.

Declarando la demandada, dijo que ella le compró a Cordero las casas y se las dejó en arrendamiento, y él le pagaba hasta que murió hace unos dos años; que ni conoce a Otero, ni ha tenido convenio alguno con él, ni Cordero le dijo a la declarante en ocasión alguna que hubiera hecho contrato con Otero, ni lo podía hacer respecto a las casas que eran de la dicente; que ella recibió una carta hablándole de los $400, pero no le hizo caso porque las casas son suyas y las tiene registradas. Reconoce los recibos de seguro; y en este momento la parte demandante admite que la demandada Agustina Mirabal, aseguró de su propio peculio, y contra incendio

las casas a que se refiere este litigio, los años 1924, 1925, 1926, y el 1927.

Don Francisco Alamo, dijo que en 1925, había cobrado a Cordero tres recibos de las casas de la señorita Mirabal; y luego, una vez Otero fué a su oficina a pagarle otro recibo, que le había dado la demandada para si alguna persona venía a pagarle, pero el recibo no estaba dirigido a Ramón Otero.

Con esa prueba, y la documental a que hemos aludido, pasó el caso a sentencia.

Es de notar la falta de prueba de la existencia de prórroga alguna de la condición o pacto de retraer, que es un elemento importantísimo en el caso. Se trata de un pacto escrito y solemne, de término de un año, fenecido en 1914, y acerca de cuya prórroga no existe más que una vaga indicación de una de las partes; y en cambio, en contra de ella existe la diligencia de la demandada en pedir y obtener la nota de la consumación en el registro, que establece una fuerte y lógica presunción. Aparece, además, curioso, que este Prudencio Cordero esperara tantos años, sin temer a la posible consumación en el registro, y sin hacer nada por garantizar su derecho, si alguno tenía, y que hubiera quien le comprara en tales condiciones; y aun más lo es que, si tenía un simple contrato de préstamo, y no de venta de la finca, dejara subsistir ese contrato desde 1913 hasta 1926, sin buscar su anulación. Por eso entendemos que la corte de distrito juzgó con acierto.

Con esa prueba, y especialmente con una declaración como la del demandante, no puede aspirarse a que la corte diga otra cosa que la que dijo, sin que en ello incurriera en error de hecho ni de derecho.

No hemos de entrar en el examen de la ley de 13 de abril de 1916, regulando el interés, ya que el contrato en cuestión fué celebrado el 5 de septiembre de 1913, y es evidente que aquella ley no tiene efectos retroactivos. En el

caso *Collazo* v. *Registrador*, 25 D.P.R. 644, ha dicho este tribunal lo necesario para que no quepa dudar de cuál es la doctrina jurídica aceptada en cuanto a retroactividad de esa ley.

La sentencia de la corte de distrito en este caso se ajusta a los hechos y a la ley, sin que adolezca de los errores señalados; *y debe ser confirmada.*